Exhibit A

FILE NO. _92 - 874_

02 MAR 17 P12: 37

5      161

## GROUND LEASE

THIS GROUND LEASE ("Lease") is made and entered into
as of this ~~17th~~ day of ~~March~~, 1992, by and
between ~~Pedro R. Guerrero~~, of Saipan,
hereinafter referred to as "Lessor", and ~~Masayuki~~
~~Isoda~~ of Saipan,
hereinafter referred to as "Lessee".

### W I T N E S S E T H:

For the consideration hereinafter set forth and of the
covenants herein contained to be observed and performed,
Lessor does hereby grant, demise and let unto Lessee, and
Lessee does hereby hire and lease from Lessor, the real
property described in Section 1:

1. <u>Description of Premises</u>:  The Premises consists of
real property, lying and being situated in Saipan,
Commonwealth of the Northern Mariana Islands, as more
particularly hereinafter described, together with Lessor's
easements and appurtenances in adjoining and adjacent land,
highways, roads, streets, lanes, whether public or private,
reasonably required for the installation, maintenance,
operation and service of sewer, water, gas, power and other



utility lines and for driveways and approaches to and from abutting highways or streets for the use and benefit of the within described parcel(s) of real property, including any improvements now or hereafter situated thereon:

> Lot 001 D 51, (formerly Block 9, Lot 3), containing an area of 617 square meters, more or less, together with Lot 001 D 52, (formerly Block 9, Lot 4), containing an area of 623 square meters, more or less, as more particularly described on Drawing/Cadastral Plat No. 001 D 00, the original of which was recorded on September 30, 1970 as Document No. 512 at the Land Registry on Saipan; situated in Puntan Mutchot Saipan, Commonwealth of the Northern Mariana Islands.

The above-described parcel(s) of real property, together with any existing improvements and improvements subsequently erected thereon during the term of this Lease and the appurtenances and other incidents associated therewith are collectively referred to in this Lease as the "Premises".

2.    <u>Lessor's Warranties of Title</u>:    Lessor represents, warrants and covenants:

2.1    <u>Fee Title</u>.    Lessor is the owner of the Premises in fee simple, subject only to easements, restrictions, reservations, liens, encumbrances and estates set forth herein.

The Premises are subject to a mortgage on Lessors fee simple interest in favor of the Commonwealth Development Authority.

- 2 -

2.2  <u>Right to Lease</u>.  That Lessor has the right to possession of the Premises and possesses all requisite right and authority to enter into this Lease.

3.  <u>Lessor's Warranty of Quiet Enjoyment</u>:  Lessor covenants and agrees that Lessor shall, upon the commencement date of the term of this Lease as hereinafter set forth, place Lessee in quiet possession of the Premises and that Lessee shall lawfully and quietly hold, occupy and enjoy the Premises during the term of this Lease without hindrance or molestation by Lessor or any other person, always subject to that certain mortgage to the Commonwealth Development Authority referred to in para. 2.1 hereinabove.

4.  <u>Term of Lease</u>:  This Lease shall be for a term of fifty-five (55) years, commencing on the 17th day of March, 1992 and ending on the 16th day of March, 2047, unless sooner terminated as herein provided.

5.  <u>Consideration</u>:  Consideration for this lease is the terms and conditions contained in that certain Settlement Agreement resolving D.C.N.M.I. Civil Actions 89-0029 and 89-0003.

6.  <u>Delivery of Notices-Method and Time</u>:

6.1  <u>Manner of Delivery</u>.  All notices, demands, or requests from one party to another may be personally delivered or sent by mail, certified or registered, first class postage prepaid, to the addresses stated in this section, and shall be deemed to have been given at the time of personal delivery or at the time of mailing.

6.2  <u>Lessor's Address</u>.  All notices, demands or requests from Lessee to Lessor shall be given to Lessor at Post Office Box 924, Saipan, MP  96950.

6.3  <u>Lessee's Address</u>.  All notices, demands or requests from Lessor to Lessee shall be given to Lessee at Post Office Box 3096, Saipan, MP 96950.

6.4  <u>Change of Address</u>.  Each party shall have the right, from time to time, to designate a different address by notice given in conformance with this section.

7.  <u>Payment of Taxes</u>.

7.1  <u>Property Taxes</u>.  Lessee shall pay and discharge all taxes, assessments, rates, charges, license fees, municipal liens, levies, excises or imports, whether general or special, or ordinary or extraordinary, of every name, nature and kind whatsoever, including all governmental charges of whatsoever name, nature or kind, which may be levied, assessed, charged or imposed, or which may become a lien or charge on or against the Premises, or

04/30/2004 04:05 FAX 670 234 9723         Law Office DF CUSHNIE                    ☑002

APR-30-04 FRI 15:4   GUERRERO BROTHERS INC     67   :22 5596               P.01

any part thereof, the leasehold of Lessee herein, the Premises described herein, any building or buildings, or any other improvements now or hereafter thereon, or on or against Lessee's estate hereby created which may be a subject of taxation, or on or against Lessor by reason of his ownership of the fee underlying this Lease, during the entire term thereof, excepting only those taxes hereinafter specifically excepted.

7.2   <u>Taxes Excepted</u>.   Anything in this section to the contrary notwithstanding, Lessee shall not be required to pay any estate, gift, inheritance, succession, franchise, income, or excess profits taxes which may be payable by Lessor or Lessor's legal representative, successors, or assigns.

7.3.   <u>Contesting Taxes</u>:   Lessee shall have the right to contest the validity of any tax or special assessment payable by him which Lessee deems to have been illegally levied or assessed against the Premises.

8.   <u>Utilities and Charges</u>:   Lessee will pay all charges for water, electricity, telephone and other utilities used upon the Premises during the term of this Lease.   Utilities charges accrued prior to the commencement of this Lease shall be paid by Lessor; Lessee shall have the right to pay the same and to be reimbursed therefor or to offset such charges from other amounts due Lessor from

- 5 -

Lessee.

9.  Fire and Casualty Insurance:  Lessee at his own
expense shall keep all improvements erected on the Premises
insured against loss or damage by fire or other casualty.
Any insurance proceeds payable with respect to any loss to
any improvements on the Premises shall belong to Lessee and
Lessor as their interests may appear.

10.  Use of Premises:  Lessee may use, improve or
develop the Premises or any part thereof for any lawful use
or purpose whatsoever.

11.  Removal of Improvements, Soil, Etc. Not To
Constitute Waste; Crossing Boundaries:  Lessee shall have
the right at his sole option at any time during the term of
this Lease to alter, demolish or remove any and all
improvements on the Premises.  Lessee shall also have the
right in connection with any development of the property to
remove vegetation and to excavate and to remove soil and
other materials from the Premises.  In no event shall any
such action constitute waste and the Lessor hereby releases
Lessee from any obligation to restore the Premises to the
condition existing upon the commencement date of this
Lease; provided that the value of the premises is not less
at the end of the lease term, adjusted for inflation using
standard United States Government indicators, than at the
commencement.  Lessee may also build, alter, demolish or

- 6 -

remove improvements which cross one or more boundary lines of the Premises, provided that lessee first obtains any required governmental or regulatory approval, and any such demolition or removal within the last ten years of the term shall require Lessor's written approval.

12. **Lessee's Right to Build and Ownership of Improvements and Fixtures:**

12.1 **Right to Build and Ownership of Improvements.** All improvements existing on the Premises at the commencement date of this Lease are acknowledged to be Lessee's personal property and Lessor has no interest therein. Lessee may use, sell, demolish, remove or otherwise dispose of all such improvements or any portion of any such improvements. Lessor shall receive no compensation for the improvements other than the performance of Lessee's covenants expressed in this Lease. Lessee shall have the right but not the obligation at any time and from time to time during the term of this Lease to erect, maintain, alter, remodel, reconstruct, rebuild, replace and remove buildings and other improvements on the Premises, and correct and change the contour of the Premises, subject to the condition that the cost of any such construction, reconstruction, demolition, or of any change, alteration, or improvements, shall be borne and paid for by the Lessee, and shall not decrease the

04/30/2004 04:06 FAX 670 234 9723        Law Office DF CUSHNIE                    ☑005
APR-30-04 FRI 15:14    GUERRERO BROTHERS INC       67   '22 5596              P.04

appraisal value of the premises. At the termination of
this lease all improvements placed on the premises shall be
the sole property of Lessor. All rights in said property
held by Lessee, mortgagees or other lien holders or
encumbrancers shall terminate.

12.2  Equipment and Fixtures.  Lessee at Lessee's
expense shall have the right at the termination of Lessee's
occupancy of the Premises to remove if done without damage
to the premises, or improvements thereon and which permits
the Premises and improvements to be used as they were
immediately prior to the end of the term, any and all
equipment and fixtures owned or placed by Lessee, its
sublessees or licensees, in, under, or upon the Premises,
or acquired by Lessee, whether before or during the Lease
term, but Lessee shall not be obligated to do so.

13.  Indemnification of Lessor by Lessee.  Lessee
shall, prior to the expiration of this Lease, indemnify
Lessor against all liability, loss, cost, damage or expense
sustained by Lessor, including attorney's fees and other
expenses of litigation, arising prior to expiration of the
term hereof and delivery to Lessor of possession of the
Premises (i) on account of or through the use of the
demised Premises or improvements or any part thereof by
Lessee or by any other person for any purpose inconsistent
with the provisions of this Lease; (ii) arising out of, or

- 8 -

directly or indirectly due to, any failure of Lessee in any respect promptly and faithfully to satisfy Lessee's obligations under this lease; (iii) arising out of, or directly or indirectly due to any accident or other occurrence causing injury to any person or persons or property resulting from the use of the demised Premises and improvements or any part thereof; (iv) for which the Lessor as owner of the demised Premises or interest therein may hereafter without fault by Lessor become liable, and especially, but not exclusively, any such liability, loss, cost damage or expense that may arise under any statute, ordinance or regulation. However, no such indemnification shall be required with respect to losses or liabilities arising by reason of the intentional act or negligence of Lessor. Lessee shall keep in effect at all times reasonable liability coverage on the Premises which shall include Lessor as a covered party.

14. <u>Mortgage of Lessee's Interest</u>: Lessee may, at any time or from time to time during the term of this Lease, encumber by mortgage or other security instrument, by way of assignment, or otherwise, Lessee's interest under this Lease and the leasehold estate hereby created in whole or in part, for any purpose, with notice to but without the consent of Lessor. If the holder of any mortgage or security instrument shall give notice to Lessor of the

- 9 -

existence thereof and the address of such holder, then so
long as any such mortgage shall be unsatisfied of record,
the following provisions shall apply:

14.1 <u>Notice</u>. Lessor, upon serving upon Lessee
any notice under the provisions of or with respect to this
Lease, shall also serve a copy of said notice upon the
holder of such mortgage, at the address provided in writing
to Lessor by mortgagee, and no notice by Lessor to Lessee
hereunder shall be deemed to have been duly given with
respect to such holder unless and until a copy thereof has
been so served;

14.2 <u>Right of Holder to Remedy Default</u>. Any
holder of such mortgage, in case Lessee shall be in default
hereunder, shall, within the period and otherwise as herein
provided, have the right to remedy such default, or cause
the same to be remedied, and Lessor shall accept such
performance by or at the instance of such holder as if the
same had been made by Lessee;

14.3 <u>Curing Default</u>. For the purposes of this
section, no event of default shall be deemed to exist under
this Lease in respect of the performance of work required
to be performed, or of acts to be done, or of conditions to
be remedied, if steps shall, in good faith, have been
commenced within the time permitted therefor to rectify the

same and shall be prosecuted to completion with diligence and continuity.

14.4  <u>Communication of Notice</u>.  Any notice or other communication which Lessor shall desire or is required to give to or serve upon the holder of a mortgage on this Lease shall be in writing, shall be served by certified or registered mail, addressed to such holder at his address as shall be designated by such holder by notice in writing given to Lessor;

Any notice or other communication which the holder of a mortgage on this Lease shall desire or is required to give to or serve upon Lessor shall be deemed to have been duly given or served if personally delivered or if sent by registered or certified mail addressed to Lessor at Lessor's address set forth in this Lease, or at such other address as shall be designated by Lessor by notice in writing given to such holder by registered or certified mail;

14.5  <u>No Cancellation, Modification, Etc.</u>  No agreement between Lessor and Lessee modifying cancelling, surrendering, or terminating this Lease shall be effective without the prior written consent of the leasehold mortgagee;

14.6  <u>No Merger</u>.  No union of the interests of Lessor and Lessee herein shall result in a merger of this

- 11 -

Lease into the fee interest without the prior written consent of the leasehold mortgagee; and

14.7 <u>Acquisition by Mortgagee</u>. If any leasehold mortgagee shall acquire title to Lessee's interest in this Lease, by foreclosure of its mortgage thereon or by assignment in lieu of foreclosure or by an assignment from a designee or wholly owned subsidiary corporation of such mortgagee, such mortgagee may assign such lease but may be released from liability for the performance or observance of the covenants and conditions in such lease contained on Lessee's part to be performed and observed from and after the date of such assignment, only by express written consent from Lessor.

15. <u>Protection of Subleases and Sublease Mortgagees</u>: If at any time after the creation of subleases for all or any part of the Premises, this Lease shall be terminated for any reason whatsoever (except condemnation) prior to the term or extension hereby demised, then every sublease of the Premises which is not then in default shall survive and continue in full force and effect as a direct lease of the Premises, or portion thereof, from Lessor to the holder of each such sublease, Lessor being thereupon substituted in all respects for Lessee in such subleases, and every such holder shall upon receiving notice of such termination attorn promptly to Lessor in place of Lessee

under such sublease; provided, however, that the term of
such sublease shall not extend beyond the term hereby
demised.  Any mortgagee of any sublease shall have and be
entitled to all the rights, privileges and protection with
respect to such subleases as herein provided for a
mortgagee of this lease.

16.  <u>Assignability and Subleasing</u>.  Lessee shall have
the right, with the written consent of Lessor, which
consent shall not be unreasonably withheld, to assign this
Lease or sublet the Premises or any part thereof.  Lessee
shall, upon making such request provide to Lessor all
pertinent details of such assignment or sublease, including
but not limited to gross consideration paid to Lessee, and
commissions and other charges incurred.  The provisions of
para. 4 of the Settlement Agreement referred to hereinabove
regarding consideration paid to Lessor are specifically
incorporated herein.

17.  <u>Consent and Approval</u>:  Whenever the consent,
approval or assistance of Lessor is required under the
terms of or in connection with this Lease, such consent,
approval or action shall not be arbitrarily or unreasonably
withheld or delayed and no money shall be charged therefor
other than for a reasonable fee for processing the same.
Failure to approve or disapprove within thirty (30) days
after written request therefor shall constitute approval by

the Lessor.

18.  <u>Eminent Domain</u>:  In the event of a taking by right of eminent domain or other authority of law of all or part of the Premises, prior to the expiration of the term of this Lease, Lessee shall not by reason thereof be entitled to any claim against Lessor for compensation or indemnity for his leasehold interest.  All compensation and damages for taking of the reversionary interest of Lessor will be payable to Lessor, and Lessee and Lessor shall be entitled to any compensation paid for the leasehold interest and for any improvements, as their interests may appear.

18.1  <u>Land Exchange in Lieu of Compensation</u>.  If Lessor is presented with the choice of a land exchange for land which has been condemned, he shall not opt for such alternative unless Lessee is compensated for the value of Lessee's interest in improvements and the unexpired term of this Lease.

19.  <u>Default</u>.  If any of the following events have in fact occurred:

(a)  If the Lessee shall abandon the premises;

(b)  If the Lessee shall be placed in involuntary bankruptcy or receivership.

(c)  If the Lessee shall default in the prompt and full performance of any other term, covenant or condition

- 14 -

of this lease agreement, and such default shall continue for a period of sixty (60) days after notice in writing of such default is given by the Lessor to the Lessee, unless the default is of such a nature that the same cannot be cured or corrected within said sixty (60) day period and the Lessee shall have promptly and diligently commenced to cure and correct such default and shall have thereafter continued therewith with reasonable diligence and in good faith, in a manner so as to cure and correct the same as promptly as reasonably practicable under the circumstances, and shall have continued therewith until the default shall have been cured or corrected; then and in any such event, the Lessor may exercise any of the following remedies or any other remedy available to the Lessor at law or in equity, and all such remedies shall be cumulative and non-exclusive of anyone or more such remedies, and exercise of one remedy shall not be deemed to be an exclusive election of the remedy or remedies exercised or a waiver of the remedies not exercised;

(1)  Collect, by suit or otherwise, all monies as they become due hereunder, or enforce, by suit or otherwise, the Lessee's compliance with any provision of this lease agreement;

(2)  Re-enter the premises under legal process and remove all persons and property therefrom, excluding the

property belonging to the authorized sublessees or
concessionaires, and re-let the premises without
terminating this lease agreement, as the agent and for the
account of the Lessee, but without prejudice to the right
to terminate this lease agreement thereafter and without
invalidating any right of the Lessor or any obligation of
the Lessee hereunder terms and conditions of such
re-letting shall be at the discretion of the Lessor who
shall have the right to alter and repair the premises as he
deems advisable, and to re-let without or with any
equipment or fixtures situated thereon.  Rents from any
such re-letting shall be applied first to the expenses of
re-letting, collecting, altering, and repairing, including
but not limited to attorney's fees and any brokerage or
agency commissions actually paid, and thereafter toward the
payment of all amounts due to the Lessor.  If a sufficient
sum is not thus realized to liquidate the total amount due,
the Lessee shall pay to the Lessor monthly, when due, any
deficiency which may arise.

(3)  Terminate this lease, notwithstanding
election of one or both of the remedies in (1)&(2) above.

20.  Estoppel Certificates:  Lessor shall, at any time
and from time to time, upon not less than ten (10) days
prior notice from Lessee, execute, acknowledge, and deliver
to Lessee a statement in writing certifying that the Lease

- 16 -

is umodified (or in full force and effect as modified and stating the modification or modifications) and that there are no defaults existing, or if there is any claimed default stating the nature and extent thereof.  It is expressly understood and agreed that any such statement delivered pursuant to this section may be relied upon by third persons.

21. <u>Gender</u>:  The use of any gender shall include any and all genders and the use of any number shall be construed as singular or plural, as the case may be.  The headings of paragraphs herein are inserted only for convenience and reference and shall in no way define or limit the scope or intent of any provision of this lease. This Lease shall inure to the benefit of and be binding upon all of the parties hereto and their respective heirs, executors, administrators, successors, successors in trust and assigns.

22. <u>Survey Powers</u>:  Lessee shall have the right to survey the Premises, all of which shall be at his expense.

23. <u>Computation of Time</u>:  The time in which any act provided by this Lease is to be done is computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday, or holiday, and then it is also excluded.  The term "holiday" shall mean all holidays specified by the laws of the Commonwealth of the Northern

Mariana Islands or declared by executive authority.

24. Joint and Several Liability: If more than one Lessor or Lessee is named under this Lease the obligation of all such Lessees or Lessors shall be and is joint and several.

25. Resident Agent: If, during the period of this Lease, the Lessor's interest shall be owned by one or more natural persons, then the person or persons owning such interest shall at all time maintain during such person's absence from the Commonwealth of the Northern Mariana Islands, an agent resident of the Commonwealth of the Northern Mariana Islands, which agent shall be authorized to take or refrain from taking any action required or permitted by Lessor hereunder, binding Lessor thereto as fully and effectually as if Lessor had taken or refrained from taking such action. The identity of such resident agent shall be given promptly to the Lessee and the Lessee shall also be promptly notified of any replacement.

26. Conditions and Covenants: All the provisions of this Lease shall be deemed as running with the land.

27. No Waiver of Breach: No failure by either Lessor or Lessee to insist upon the strict performance by the other of any covenant, agreement, term, or condition of this Lease or to exercise any right or remedy consequent upon a breach thereof, shall constitute a waiver of any

such breach or of such covenant, agreement, term, or
condition.  No waiver of any breach shall affect or alter
this Lease but each and every covenant, condition,
agreement and the term of this Lease shall continue in full
force and effect with respect to any other than existing or
subsequent breach.

28.  Time of the Essence:  Time is of the essence of
this Lease, and of each provision.

29.  Entire Agreement:  This Lease, together with any
exhibits or documents identified or referred to herein,
contains the entire agreement of the parties with respect
to the matters covered herein as of the date of execution
hereof and no other agreement, statement, or promise made
by any party, or to any employee, officer, or agent of any
party prior in time to the date of this Lease shall be
binding or valid.

30.  Attorney's Fees:  If any action at law or in
equity shall be brought under this Lease for or on account
of any breach of, or to enforce or interpret any of the
covenants, terms or conditions of this Lease, the
prevailing party shall be entitled to recover from the
other party as part of the prevailing party's costs
reasonable attorneys' fees, in the amount which shall be
fixed by the court and shall be made a party of any
judgment or decree rendered.

31.  <u>Modification</u>:  This Lease is not subject to modification except in writing, duly signed by the parties to be charged thereunder.

32.  <u>Governing Law</u>:  The laws of the Commonwealth of the Northern Mariana Islands shall govern the validity, construction and effect of this Lease.  Whenever in this Lease any words of obligation or duty are used in connection with either party, such words shall have the force and effect as though framed in the form of express covenants on the part of the party obligated.

33.  <u>Remedies Cumulative</u>:  The various rights, options, elections or remedies of Lessor and Lessee, respectively, contained in this Lease shall be cumulative and no one of them shall be construed as exclusive of any other, or of any other right, priority or remedy allowed or provided for at law or in equity and not expressly waived in this Lease.

34.  <u>No Merger of Estates</u>:  If both Lessor and Lessee's estates in the Premises or the improvements or both become vested in the same owner, this Lease shall nevertheless not be destroyed by application of the doctrine of merger except at the express election of the owner and with the written consent of the mortgagee or mortgagees under all mortgages existing under the

provisions of this Lease relating to the purchase or
construction of improvements.

35. <u>Severability</u>.  If any provision herein is at any
time declared illegal, invalid or in any way contrary to
law, it shall be considered deleted from this Lease, and
shall not invalidate the remaining provisions of the Lease.

IN WITNESS WHEREOF, the parties have executed these
presents on the day and year first above written.

LESSOR:


PEDRO R. GUERRERO


MASAYUKI ISODA
LESSEE:

COMMONWEALTH OF THE NORTHERN )
   MARIANA ISLANDS, )
                       ) ss:
SAIPAN, MP )

    On this 25th day of _February_, 1992, before me,
a Notary Public in and for the Commonwealth of the Northern
Mariana Islands, personally _Pedro R. Guerrero_
_____, known to me to be the
person whose name is subscribed to the foregoing instrument
and acknowledged to me that he executed the same as his
free and voluntary act and deed for the uses and purposes
therein set forth.

    IN WITNESS WHEREOF, I have hereunto set my hand and
affixed my official seal the day and year first above
written.

                             _____
                             NOTARY PUBLIC

                LUCIA M. DELEON GUERRERO
                   NOTARY PUBLIC
      Government of the Northern Mariana Islands
          My Commission expires on the
          21st day of _June_ ,19 93

- 22 -

COMMONWEALTH OF THE NORTHERN )
    MARIANA ISLANDS,            )
                                )  ss:
SAIPAN, MP                      )


    On this *17th* day of ____*March*____, 1992, before me,
a Notary Public in and for the Commonwealth of the Northern
Mariana Islands, personally ____*Masayuki Isomi*____
_____, known to me to be the
person whose name is subscribed to the foregoing instrument
and acknowledged to me that he executed the same as his
free and voluntary act and deed for the uses and purposes
therein set forth.

    IN WITNESS WHEREOF, I have hereunto set my hand and
affixed my official seal the day and year first above
written.

                        _____
                              NOTARY PUBLIC

                        LUCIA M. DELEON GUERRERO
                              NOTARY PUBLIC
                    Government of the Northern Mariana Islands
                          My Commission expires on the
                        *31st* day of *June*_____, 19 *93*


                            - 23 -