FILED
Clerk
District Court

NOV 01 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

ORIGINAL

Richard W. Pierce, Law Office
P.O. Box 503514
Saipan, MP 96950-3514
Telephone: (670) 235-3425
Facsimile: (670) 235-3427

Attorney for Defendant Masayuki Isoda

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PEDRO R. DELEON GUERRERO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MASAYUKI ISODA, aka, ) <br> ) <br> MIKE ISODA, ) <br> Defendant. ) | Civil Action No. 04-0033 <br><br> **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** <br><br> Date: November 10, 2005 <br> Time: 9:00 a.m. <br> Judge: Munson |

Masayuki Isoda raises one issue with respect to the Opposition and Declaration filed by Pedro R. Deleon Guerrero.

In his Statement of Facts at 5, ¶ 2, and his Declaration, ¶ 17, Mr. Guerrero seeks to change the terms of the integrated Lease Agreement to add the term that Mr. Isoda "would promptly and actively market" the land. *See* Lease Agreement, ¶ 29. That is not permitted under substantive law and cannot be used to create a disputed issue of fact.

Declaring "it was intended," is not a permissible means of altering the terms of an integrated agreement. If the Lease is an integrated document, "there is no reason to go outside the four corners to look at the intent of the parties." *Mi Sook Seol v. Saipan Honeymoon Corp.*, 1999 MP 9 ¶12, 5 N.M.I. 238, 240 (1999). Parol evidence may not

be used to change the terms of the Lease. *See Rosario v. Camacho*, 2001 MP 3 ¶ 68 ("The parol evidence rule is a rule of substantive law which excludes evidence of prior or contemporaneous agreements or negotiations to change or modify the terms of a binding integrated agreement").

Further, Mr. Guerrero does not declare who "intended" what, whether the intention was shared orally, whether others shared the amorphous intentions declared, and how he personally knew of the alleged intent. Inadmissible evidence does not suffice for a Rule 56 motion affidavit. *Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir.1987) (On a motion for summary judgment, a court must not consider those parts of an affidavit that are insufficient under Rule 56(e)).

Respectfully submitted this November 1, 2005.

By: _____
RICHARD W. PIERCE
Attorney for Masayuki Isoda