Case 1:04-cv-00033   Document 30   Filed 11/15/2005   Page 1 of 5

FILED
Clerk
District Court

NOV 15 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PEDRO R. DELEON GUERRERO, ) | Civil No. 04-0033 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | ORDER GRANTING |
| ) | DEFENDANT'S MOTION |
| MASAYUKI ISODA, also known as ) | FOR SUMMARY JUDGMENT |
| Mike Isoda, ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

THIS MATTER came before the court on Thursday, November 10, 2005, for hearing of defendant's motion for summary judgment. Plaintiff appeared by and through his attorney, Douglas F. Cushnie; defendant appeared personally and by and through his attorney, Richard W. Pierce.

THE COURT, having considered the written and oral arguments of counsel, hereby grants defendant's motion for summary judgment.

Plaintiff Pedro Guerrero filed this action in Commonwealth Superior Court. It was removed here by defendant Isoda on November 29, 2004, based on diversity of citizenship and more than $75,000.00 at issue. The court must use Commonwealth substantive law, including the Restatements of Law. *See* 7 N.Mar.I. Code § 3401. Plaintiff alleged breach of a lease by abandonment. Defendant moved for summary judgment, arguing that plaintiff's complaint seeks to impose legal duties on him regarding the two pieces of real property involved that nowhere appear in their settlement agreement or lease.

The undisputed material facts are as follows. To resolve a dispute between them, plaintiff and defendant entered into a settlement agreement on November 1, 1991. By the terms of the settlement, plaintiff was to pay defendant $350,000.00 within ninety days of execution of the agreement or, failing that, to "immediately enter into a fifty-five (55) year lease with Isoda to the Garapan properties." The agreement continued:

> Isoda will then sublease or assign the lease to said Garapan properties, and upon this occurrence, ISODA shall pay to GUERRERO from the gross proceeds of said sublease or assignment of lease thirty-three and one-third percent (33 1/3%) of said amount. The sublease or assignment shall be for not less than the fair market value of said Garapan properties as determined by an appraisal conducted by an appraiser qualified to conduct real property appraisals in the Commonwealth. In the event the parties are unable to agree on an appraiser, then GUERRERO and ISODA shall each select an appraiser and the fair market value shall be the mean of the two appraisals.

2

Plaintiff Guerrero had the right to reject any proposal. Lease at ¶ 16.

In the complaint, plaintiff Guerrero asserts that defendant Isoda has never assigned or subleased the real property. (This is true, but Isoda would have accepted an offer of $120,000.00 that Guerrero rejected.) Plaintiff also asserts that defendant had a duty to improve or maintain the property in an attractive and healthy manner, and breached the lease by failing to do so.

The court accepts counsel's representation as an officer of the court that both parties were represented by counsel during the negotiations leading up to and resulting in both the settlement agreement and the lease, and that the documents underwent revision during this process.

The court starts with the time-honored proposition that a writing is interpreted as a whole and that all writings that are part of the same transaction are interpreted together. Restatement (Second) of Contracts, §§ 202(2), 209(1); Seol v. Saipan Honeymoon Corp., 5 NMI Reports 238 (1999) (there is no reason to go outside the four corners of an integrated document). Further, where there is a binding agreement, evidence of prior or contemporaneous agreements or negotiations is not admissible in evidence to contradict a term of the writing. Restatement (Second) of Contracts, § 215.

The lease and the settlement agreement are silent as to any deadline imposed

upon defendant to sublease the property to another person. Plaintiff concedes that there was no specific time period in which Isoda was to have acted and, in fact, agrees that "there is no precise time frame because the parties clearly recognized that there is no magical period within which it will absolutely occur." Opposition at p. 6-7. Instead, Guerrero asserts that Isoda was required to make "businesslike efforts" to sublease or assign the property. *Id.* p. 7 (top). However, no such requirement appears in the negotiated settlement agreement or the executed lease and the court cannot add terms to the unambiguous document signed by the parties.

Also, defendant argues--correctly, and undisputed by plaintiff---that there is nothing in the settlement agreement or lease that requires him to improve or maintain the property. Lacking a specific, lease-imposed duty upon him, and in light of the fact that defendant "pre-paid" the entire lease amount by accepting the property in lieu of $350,000.00, defendant is not required to maintain or improve the property and thus cannot be said to have breached the lease and "abandoned" the real property.

In retrospect, both parties probably wish that they had included or omitted certain items in the settlement agreement and lease. However, the documents as they stand are unambiguous and not susceptible to any other interpretation than that which the court has honored above.

4

Pursuant to Ground Lease ¶ 30, defendant as the prevailing party is entitled to an award of reasonable attorney's fees and costs. Defendant shall have until 3:30 p.m., Friday, November 25, 2005, to submit an affidavit in support of an award of fees and costs. Plaintiff shall have until 3:30 p.m., Monday, December 5, 2005, to file an opposition to the amounts requested. The court will decide the matter on the submissions, unless it feels that oral argument would be useful.

DATED this 15th day of November, 2005.

*/s/ Alex R. Munson*
ALEX R. MUNSON
Judge