DOUGLAS F. CUSHNIE
P. O. BOX 949
SAIPAN, MP 96950
TELEPHONES: (670) 234/6843 • 234/6830
FAX: (670) 234/9723

Attorney for    Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PEDRO R. DELEON GUERRERO, ) | CIVIL ACTION NO. 04-0033 |
| **Plaintiff,** ) | |
| vs. ) | **PLAINTIFF'S OPPOSITION TO AWARD OF ATTORNEYS FEES** |
| MASAYUKI ISODA aka ) MIKE ISODA, ) | |
| **Defendant.** ) | |

The basis for the attorneys fees sought by defendant in this action is found at ¶30 of the lease between plaintiff and defendant. That provision provides that the prevailing party shall be entitled to recover from the other party "reasonable attorneys fees". That being the standard, plaintiff has the following comments. The hourly fee requested is $215.00 per hour.

In the case of *Peter-Palican v. CNMI*, D.C.N.M.I. No. 00-00024 this court entered its award of attorney fees of July 2, 2002 at the rate of $200.00 per hour being a reasonable rate. See a copy of that order attached hereto. At that rate the time expended by counsel would be $5,227.00 rather than the amount claimed.

With respect to the time spent in handling this matter, plaintiff does object

to the approximately 11½ hours spent in briefing and the time spent preparing for and attending oral argument, the latter two times being approximately 2 hours.

Plaintiff also objects to the transcription cost of the deposition in the amount of $156.00. There was no trial in this matter and the deposition thus was not used in such a proceeding. *Crawford Fitting Co. v. J.T. Gibbons, Inc.* 482 U.S. 437, 107 S.Ct. 494, 96 L.Ed.2d 385 (1987); *Washington State Dept. of Trans. v. Washington Natural Gas Co.*, 59 F.3rd 793 (9th Cir. 1995). Further, the lease document upon which defendant relies speaks to the awarding of attorneys fees and not cost of deposition. Thus there does not appear to be a legal basis for assessing such costs.

DATED this _____ day of December, 2005.

RESPECTFULLY SUBMITTED,

DOUGLAS F. CUSHNIE
Attorney for Plaintiff

BY _____
DOUGLAS F. CUSHNIE



COPY on Original Filed on this date

JUL 0 2 2002

Clerk
District Court
For The Northern Mariana Islands

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| EMERENCIANA PETER-PALICAN,<br><br>   Plaintiff<br><br>   v.<br><br>GOVERNMENT OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS; THE GOVERNOR'S DEVELOPMENTAL DISABILITIES COUNCIL; MATILDA ROSARIO, Director of Personnel; and, THOMAS J. CAMACHO, Individually and as Executive Director of the Governor's Developmental Disabilities Council,<br><br>   Defendants | Civil Action No. 00-0024<br><br>ORDER AWARDING ATTORNEY'S FEES AND COSTS TO PLAINTIFF |

THIS MATTER is before the court on plaintiff's motion for an award of attorney's fees and costs as the prevailing party.

THE COURT, having received and considered plaintiff's submission in support of the award and defendants' opposition to certain aspects of the award, rules as follows:

Plaintiff is entitled to a reasonable attorney's fee as the prevailing party. There is a strong presumption that the lodestar (reasonable hourly fee multiplied by hours reasonably spent) represents a reasonable fee. <u>Harris v. Marhoefer</u>, 24 F.3d 16, 18 (9th Cir. 1994).[1] Plaintiff is awarded attorney's fees at an hourly rate of $200.00. The court judges that this rate is reasonable and appropriate for this lawsuit, which involved fairly straightforward legal issues, was not unduly lengthy or time-consuming, should not have precluded other employment for plaintiff's attorney, and is closer to the generally prevailing rate in this community.

---

[1] Under the lodestar approach, many of the twelve factors to be considered by a court in determining an award of attorney's fees, as set out in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67 (9th Cir. 1975), have been subsumed as a matter of law. <u>Cunningham v City of Los Angeles</u>, 879 F.2d 481, 487 (9th Cir. 1988) *cert. denied*, 493 U.S. 1035, 110 S.Ct. 757 (1990).

2

Defendants' objections numbers 1-4 are well-taken and those hours are disallowed. The time claimed appears to have been for the Commonwealth administrative proceedings.

All other objections are disallowed, generally on the ground that no specific objection is stated, or that the court deems the time claimed to be appropriate under the circumstances of this lawsuit, or that the action was undertaken at the court's request or order.

Plaintiff prevailed both at the administrative proceeding and at trial. Defendants' suggestion that the attorney's fee award should be reduced because the $163,650.00 judgment obtained by plaintiff after trial was almost identical to defendants' last settlement offer is unpersuasive. Plaintiff had already obtained an award of $105,000 at the administrative proceeding (for a different time period than that considered in this lawsuit), and defendants' final settlement offer was intended to include the $105,000 plaintiff had already been awarded. Thus, plaintiff's total recovery of $268,650.00 was considerably larger than the settlement offer.

Accordingly, plaintiff is awarded attorney's fees of $21,440.00, representing 107.2 hours at $200.00 per hour.

3

Plaintiff is awarded costs of $311.38, representing the filing fee of $150.00, 28 U.S.C. § 1920(1), and one airline ticket in the amount of $161.38. 28 U.S.C. § 1821 (Air travel by the most economical means is a recoverable expense).

IT IS SO ORDERED.

DATED this 2nd day of July, 2002.

                                                          _____
                                                               ALEX R. MUNSON
                                                                    Judge

AO 72
(Rev. 8/82)