# ORIGINAL

DOUGLAS F. CUSHNIE
P. O. BOX 949
SAIPAN, MP 96950
TELEPHONES: (670) 234/6843 • 234/6830
FAX: (670) 234/9723

Attorney for    **Plaintiff**

F I L E D
Clerk
District Court

DEC 1 3 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| **PEDRO R. DELEON GUERRERO,** | ) | **CIVIL ACTION NO.  04-0033** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **NOTICE OF APPEAL** |
| **MASAYUKI ISODA aka** | ) | |
| **MIKE ISODA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Comes now Pedro R. Deleon Guerrero, plaintiff herein and appeals to the

United States Court of Appeals for the Ninth Circuit that certain order granting

defendant's motion for summary judgment entered November 15, 2005, and the

order awarding attorneys fees and costs entered on December 12, 2005, by the

honorable Alex R. Munson, District Judge.

DATED this _12th_ day of December, 2005.

DOUGLAS F. CUSHNIE
Attorney for Plaintiff

BY_____
DOUGLAS F. CUSHNIE

F I L E D
Clerk
District Court

NOV 15 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

RECEIVED

DOUGLAS F. CUSHNIE

DATE __11/15/05__
TIME __9:25a__
BY _____

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PEDRO R. DELEON GUERRERO, )<br>        )<br>        Plaintiff        )<br>        )<br>    v.        )<br>        )<br> MASAYUKI ISODA, also known as  )<br> Mike Isoda,        )<br>        )<br>        Defendant        )<br>_____ ) | Civil No. 04-0033<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION<br>FOR SUMMARY JUDGMENT |

THIS MATTER came before the court on Thursday, November 10, 2005, for hearing of defendant's motion for summary judgment. Plaintiff appeared by and through his attorney, Douglas F. Cushnie; defendant appeared personally and by and through his attorney, Richard W. Pierce.

THE COURT, having considered the written and oral arguments of counsel, hereby grants defendant's motion for summary judgment.

Plaintiff Pedro Guerrero filed this action in Commonwealth Superior Court. It was removed here by defendant Isoda on November 29, 2004, based on diversity of citizenship and more than $75,000.00 at issue. The court must use Commonwealth substantive law, including the Restatements of Law. *See* 7 N.Mar.I. Code § 3401. Plaintiff alleged breach of a lease by abandonment. Defendant moved for summary judgment, arguing that plaintiff's complaint seeks to impose legal duties on him regarding the two pieces of real property involved that nowhere appear in their settlement agreement or lease.

The undisputed material facts are as follows. To resolve a dispute between them, plaintiff and defendant entered into a settlement agreement on November 1, 1991. By the terms of the settlement, plaintiff was to pay defendant $350,000.00 within ninety days of execution of the agreement or, failing that, to "immediately enter into a fifty-five (55) year lease with Isoda to the Garapan properties." The agreement continued:

> Isoda will then sublease or assign the lease to said Garapan properties, and upon this occurrence, ISODA shall pay to GUERRERO from the gross proceeds of said sublease or assignment of lease thirty-three and one-third percent (33 1/3%) of said amount. The sublease or assignment shall be for not less than the fair market value of said Garapan properties as determined by an appraisal conducted by an appraiser qualified to conduct real property appraisals in the Commonwealth. In the event the parties are unable to agree on an appraiser, then GUERRERO and ISODA shall each select an appraiser and the fair market value shall be the mean of the two appraisals.

2

Plaintiff Guerrero had the right to reject any proposal. Lease at ¶ 16.

In the complaint, plaintiff Guerrero asserts that defendant Isoda has never assigned or subleased the real property. (This is true, but Isoda would have accepted an offer of $120,000.00 that Guerrero rejected.) Plaintiff also asserts that defendant had a duty to improve or maintain the property in an attractive and healthy manner, and breached the lease by failing to do so.

The court accepts counsel's representation as an officer of the court that both parties were represented by counsel during the negotiations leading up to and resulting in both the settlement agreement and the lease, and that the documents underwent revision during this process.

The court starts with the time-honored proposition that a writing is interpreted as a whole and that all writings that are part of the same transaction are interpreted together. Restatement (Second) of Contracts, §§ 202(2), 209(1); Seol v. Saipan Honeymoon Corp., 5 NMI Reports 238 (1999) (there is no reason to go outside the four corners of an integrated document). Further, where there is a binding agreement, evidence of prior or contemporaneous agreements or negotiations is not admissible in evidence to contradict a term of the writing. Restatement (Second) of Contracts, § 215.

The lease and the settlement agreement are silent as to any deadline imposed

3

upon defendant to sublease the property to another person. Plaintiff concedes that there was no specific time period in which Isoda was to have acted and, in fact, agrees that "there is no precise time frame because the parties clearly recognized that there is no magical period within which it will absolutely occur." Opposition at p. 6-7. Instead, Guerrero asserts that Isoda was required to make "businesslike efforts" to sublease or assign the property. *Id.* p. 7 (top). However, no such requirement appears in the negotiated settlement agreement or the executed lease and the court cannot add terms to the unambiguous document signed by the parties.

Also, defendant argues--correctly, and undisputed by plaintiff---that there is nothing in the settlement agreement or lease that requires him to improve or maintain the property. Lacking a specific, lease-imposed duty upon him, and in light of the fact that defendant "pre-paid" the entire lease amount by accepting the property in lieu of $350,000.00, defendant is not required to maintain or improve the property and thus cannot be said to have breached the lease and "abandoned" the real property.

In retrospect, both parties probably wish that they had included or omitted certain items in the settlement agreement and lease. However, the documents as they stand are unambiguous and not susceptible to any other interpretation than that which the court has honored above.

4

Pursuant to Ground Lease ¶ 30, defendant as the prevailing party is entitled to an award of reasonable attorney's fees and costs. Defendant shall have until 3:30 p.m., Friday, November 25, 2005, to submit an affidavit in support of an award of fees and costs. Plaintiff shall have until 3:30 p.m., Monday, December 5, 2005, to file an opposition to the amounts requested. The court will decide the matter on the submissions, unless it feels that oral argument would be useful.

DATED this 15th day of November, 2005.


_____
ALEX R. MUNSON
Judge

AO 72
(Rev. 8/82)



FILED
Clerk
District Court

DEC 1 2 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

RECEIVED
DOUGLAS F. CUSHNIE
DATE _____
TIME _____
BY _____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

PEDRO R. DELEON GUERRERO, )          Civil No. 04-0033
                                    )
            Plaintiff               )
                                    )
      v.                            )          ORDER AWARDING
                                    )          ATTORNEY'S FEES
MASAYUKI ISODA, also known as       )          AND COSTS
Mike Isoda,                         )
                                    )
            Defendant               )
_____)

PURSUANT TO the court's order of November 15, 2005, finding defendant

entitled to an award of attorney fees and costs as the prevailing party under paragraph

30 of the Ground Lease between the parties; NOW, THEREFORE,

The court, having reviewed the attorney's fees claimed, finds that the hourly

rate charged by defendant's attorney is reasonable and appropriate in this community

for an attorney of counsel's experience.   The court further finds that the total hours

claimed appear to be reasonable, were necessarily expended in the litigation, and are reasonable for the results obtained.

Filing fees are recoverable costs under 28 U.S.C. § 1920. Deposition fees are also recoverable costs under the statute. The court is satisfied that the deposition appeared reasonably necessary at the time it was taken, Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998), and it was apparently used by both parties in the summary judgment motion. See e.g. Jop v. City of Hampton, VA, 163 FRD 486, 488 (E.D.Va. 1995) (whether the case goes to trial is irrelevant when ascertaining taxability of deposition costs). Accordingly,

IT IS ORDERED that defendant shall have judgment against plaintiff for attorney's fees in the amount of $5,618.66 and for costs pursuant to 28 U.S.C. § 1920 in the amount of $306.00.

DATED this 12th day of December, 2005.


_____
ALEX R. MUNSON
Judge

AO 72
(Rev. 8/82)

ORIGINAL

AO 133 (Rev. 9/89) Bill of Costs

FILED
Clerk
District Court

# United States District Court

DEC 1 2 2005

For The Northern Mariana Islands
By _____
(Deputy Clerk)

## DISTRICT OF ————

PEDRO R. DELEON GUERRERO,

Plaintiff,

v.

MASAYUKI ISODA aka MIKE ISODA,
Defendant.

**BILL OF COSTS**

Case Number: **04-0033**

Judgment having been entered in the above entitled action on Nov. 15, 2005 against  Pedro R. Deleon Guerrero  ,
Date

the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk ................................................................. | $ 150.00 |
| Fees for service of summons and subpoenas .......................................... | _____ |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | _____ |
| Fees and disbursements for printing .................................................. | _____ |
| Fees for witnesses (itemize on reverse side) .......................................... | _____ |
| Fees for exemplification and copies of papers necessarily obtained for use in the case ............... | _____ |
| Docket fees under 28 U.S.C. 1923 .................................................... | _____ |
| Costs as shown on Mandate of Court of Appeals ........................................ | _____ |
| Compensation of court-appointed experts .............................................. | _____ |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ...... | _____ |
| Other costs (please itemize) .. **Deposition Transcription Cost** .......................... | 156.00 |
| TOTAL $ | 306.00 |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to:

Signature of Attorney: _____

Name of Attorney: **Richard W. Pierce**

For: **Masayuki Isoda aka Mike Isoda**     Date: **Nov. 15, 2005**
Name of Claiming Party

Costs are taxed in the amount of **$306.00** _____ and included in the judgement.

DEC 1 2 2005

_____   By: _____ _____
Clerk of Court     Deputy Clerk     Date

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Days | Total Cost | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | TOTAL | |

## NOTICE

Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:

"Sec. 1924. Verification of bill of costs."

"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

See also Section 1920 of Title 28, which reads in part as follows:

"A bill of costs shall be filed in the case and upon allowance, included in the judgment or decree."

The Federal Rules of Civil Procedure contain the following provisions:

Rule 54 (d)

"Except where express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6 (e)

"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)

"Entry of the judgment shall not be delayed for the taxing of costs."